'19 CV1636 BEN AGS

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOUTHWEST KEY PROGRAMS, INC., a Texas corporation;
TALENTWISE, INC., a Delaware corporation, and DOES 1-50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA HERNANDEZ, as an individual; AZAEL SANCHEZ, as an
individual; see attached for further plaintiffs

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/12/2019** at 01:51:17 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Superior Court for the State of California
for the county of  San Diego - Hall of Justice Courthouse
330 West Broadway, San Diego, CA 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*  37-2019-00036821-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CROSNER LEGAL, PC 433 N. Camden Dr., Ste. 400 Beverly Hills, CA 90210 Tel: (310) 496-5818

<table>
<tr>
<td>DATE: 07/18/2019<br>*(Fecha)*</td>
<td>Clerk, by  J. Walters<br>*(Secretario)*  J. Walters</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  Southwest Key Programs, In a Texas Corporation
   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MARIA HERNANDEZ v. SOUTHWEST KEY PROGRAMS, INC. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff      ☐ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

ROBERTO NAVA, as an individual, and on behalf of all others similarly situated,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  ZACHARY CROSNER (SBN 272295)
   MICHAEL CROSNER (SBN 41294)
2  CROSNER LEGAL, P.C.
   433 N. Camden Dr., Suite 400
3  Beverly Hills, CA 90210
   Tel.  (310) 496-5818
4  Fac. (310) 510-6429

5  BRENT MARLIS (SBN 284654)
   LAW OFFICE OF BRENT MARLIS
6  10940 Wilshire Blvd., Ste 1600
   Los Angeles, CA 90024-3910
7  Tel. (310) 431-9355
   Fac. (310) 473-1175
8
   Attorneys for Plaintiffs MARIA HERNANDEZ,
9  AZAEL SANCHEZ and ROBERTO NAVA

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
07/12/2019 at 01:51:17 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

10              **SUPERIOR COURT OF CALIFORNIA**

11          **IN AND FOR THE COUNTY OF SAN DIEGO**

12

13  MARIA HERNANDEZ, as an individual;          CASE NO.   37-2019-00036821-CU-OE-CTL
    AZAEL SANCHEZ, as an individual;
14  ROBERTO NAVA, as an individual, and         CLASS ACTION
    on behalf of all others similarly situated,
15                                              **COMPLAINT FOR:**
16          Plaintiff,
                                                1.  Violation of the Federal Fair Credit
17                                                  Reporting Act ("FCRA") [15 U.S.C. §§
    vs.                                             1681, *et seq.*]
18
                                                2.  Violation of the California Investigative
19                                                  Consumer Reporting Agencies Act
    SOUTHWEST KEY PROGRAMS, INC., a                 ("ICRAA") [Cal. Civil Code § 1786, *et*
20  Texas corporation; TALENTWISE, INC., a          *seq.*]
    Delaware corporation, and DOES 1-50,
21  Inclusive,

22          Defendants.

23

24

25

26

27

28

                          CLASS ACTION COMPLAINT

1       Plaintiffs, MARIA HERNANDEZ, on behalf of herself and all others similarly situated;

2    AZAEL SANCHEZ, on behalf of himself and all others similarly situated; and ROBERTO

3    NAVA, on behalf of himself and all others similarly situated (hereinafter collectively "Plaintiff")

4    complains of Defendants SOUTHWEST KEY PROGRAMS, INC.; TALENTWISE, INC.; and

5    DOES 1-50 ("Defendant") as follows:

6                          **INTRODUCTION**

7       1.    This class action arises from Defendant's acquisition and use of consumer and/or

8    investigative consumer reports (referred to as "background reports") to conduct background

9    checks on Plaintiff and current and former employees.

10      2.    Defendant routinely obtains and uses information from background reports in

11   connection with its hiring processes without complying with state and federal mandates for doing

12   so.

13      3.    Plaintiff, individually and on behalf of all other members of the public similarly

14   situated, seeks compensatory and punitive damages due to Defendant's systematic and willful

15   violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and

16   the Investigative Consumer reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786, *et seq.*

17      4.    Defendant has violated the requirements under these statutes by failing to provide

18   proper release and disclosure authorization to Plaintiff.

19      5.    The procurement of background reports for employment purposes is subject to

20   strict disclosure requirements under federal law pursuant to the FCRA and under California

21   pursuant to the ICRAA.  Among other things, an employer may not procure a background report

22   concerning a job applicant unless 1) a "clear and conspicuous" disclosure is made in a stand-alone

23   document that "consists solely of the disclosure" informing the applicant that a report may be

24   obtained for employment purposes and clearly setting forth the nature and scope of the consumer

25   report; 2) a summary of the applicant's rights with regard to the consumer report is provided to

26   the applicant; and 3) provides the applicant with accurate and legally compliant information and

27   disclosures with regard to its investigative consumer report.

28      6.    Defendant failed to follow these strict disclosure and procedural requirements, and,

1    as a result, Defendant's wrongful acts and omissions injured Plaintiff and putative class members

2    by having their privacy and statutory rights invaded in violation the FCRA and ICRAA.

3    **PARTIES**

4        7.      Plaintiff MARIA HERNANDEZ is, and at all relevant times was, an individual

5    and natural person domiciled in the State of California and a citizen of the State of California who

6    worked for Defendant.

7        8.      Plaintiff AZAEL SANCHEZ is, and at all relevant times was, an individual and

8    natural person domiciled in the State of California and a citizen of the State of California who

9    worked for Defendant.

10       9.      Plaintiff ROBERTO NAVA is, and at all relevant times was, an individual and

11   natural person domiciled in the State of California and a citizen of the State of California who

12   worked for Defendant.

13       10.     Defendant SOUTHWEST KEY PROGRAMS, INC. is a Texas Corporation

14   authorized to do business in California and maintains its California principal place of business in

15   Contra Costa County, California.

16       11.     Defendant TALENTWISE, INC. is a Delaware Corporation which, at all relevant

17   times, was authorized to do business in California.

18       12.     Plaintiff is unaware of the true names of Defendants DOES 1 through 50. Plaintiff

19   sues said defendants by said fictitious names and will amend this complaint when the true names

20   and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

21   permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

22   named Defendants is in some manner responsible for the events and allegations set forth in this

23   complaint.

24       13.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

25   defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

26   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

27   predecessor in interest of some or all of the other Defendants, and was engaged with some or all

28   of the other defendants in a joint enterprise for profit, and bore such other relationships to some or

3

1   all of the other defendants so as to be liable for their conduct with respect to the matters alleged in

2   this complaint. Plaintiff is further informed and believes and thereon alleges that each defendant

3   acted pursuant to and within the scope of the relationships alleged above, and that at all relevant

4   times, each defendant knew or should have known about, authorized, ratified, adopted, approved,

5   controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

6   "Defendant" means "Defendants and each of them," and refers to the Defendants named in the

7   particular cause of action in which the word appears and includes SOUTHWEST KEY

8   PROGRAMS, INC.; TALENTWISE, INC. and DOES 1 to 50, inclusive.

9         14.    At all times mentioned herein, each Defendant was the co-conspirator, agent,

10   servant, employee, and/or joint venture of each of the other defendants and was acting within the

11   course and scope of said conspiracy, agency, employment, and/or joint venture and with the

12   permission and consent of each of the other Defendants.

13         15.    Plaintiff makes the allegations in this complaint without any admission that, as to

14   any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

15   Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

16                        **JURISDICTION AND VENUE**

17         16.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for

18   FCRA and ICRAA violations for the following reasons upon information and belief:

19   SOUTHWEST KEY PROGRAMS, INC. and TALENTWISE, INC., at all relevant times duly

20   licensed to conduct business in the State of California; and DOES 1-50, inclusive, (collectively

21   "Defendant") operate throughout California; Defendant employed Plaintiff in San Diego County

22   in the State of California; the principal violations of California law occurred in San Diego

23   County; the conduct of Defendant forms a significant basis for Plaintiff's and the Class Members'

24   claims; and Plaintiff and the Class Members seek significant relief from Defendant.

25                        **FACTUAL BACKGROUND**

26         17.    Plaintiff applied online in an electronic application for a job with Defendant in or

27   around the latter part of 2017 and/ or the early part of 2018.

28         18.    In evaluating Plaintiff for employment, Defendant procured or caused to be

4

1    prepared a background report (i.e., a consumer report and/or investigative consumer report, as

2    defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e), a consumer credit report, as

3    defined by Cal. Civ. Code § 1785.3(c), and an investigative consumer report, as defined by Cal.

4    Civ. Code § 1786.2(c).

5          19.     In connection with Plaintiff's employment application, Plaintiff completed

6    Defendant's standard online application materials, which, on information and belief are used

7    regularly by Defendant for all job applicants during the relevant time period in connection with its

8    employment policies, procedures, and/or practices.

9          20.     As part of Plaintiff's application, Defendant purported to inform Plaintiff and other

10    class members that a background check would be obtained and included in the application

11    materials a copy of documents purporting to give Defendant authorization to perform a

12    background check.

13          21.     This purported disclosure and authorization is in the form of multiple documents

14    and contains extraneous information which is irrelevant to Defendant's disclosure of its intent to

15    obtain a background report and also describes information that does not constitute a consumer

16    report or investigative consumer report and therefore misleads the consumer about the type of

17    information he or she is authorizing will be disclosed. Moreover, Defendant did not provide a

18    stand-alone authorization as required by applicable law and failed to adhere to the strict consumer

19    report disclosure and procedural requirements pursuant to the FCRA and ICRAA.

20                                    **CLASS ALLEGATIONS**

21          22.     Plaintiff brings this lawsuit on behalf of themselves and as a class action under

22    Code of Civil Procedure § 382 on behalf of a class of similarly situated persons as follows:

23          23.     **Class Definitions:** The classes are defined as follows:

24             A.      **FCRA Class:**    All of Defendant's current, former and prospective

25    applicants for employment in the United States who applied for a job with Defendant at any time

26    during the period beginning five years prior to the filing of this action and ending on the date that

27    final judgment is entered into in this action.

28             B.      **ICRAA Class:**    All of Defendants' current, former, and prospective

1   applicants for employment in California, at any time during the period beginning five years prior
2   to the filing of this action and ending on the date that final judgment is entered into in this action.

3       24.   **Numerosity:**   The class members are so numerous that the individual joinder of
4   each individual class member is impractical.

5       25.   **Commonality and Predominance:**   Common questions of law and fact exist as to
6   all class members and predominate over any questions which affect only individual class
7   members.  These include, but are not limited to:

8       A.   Whether Defendant willfully included extraneous information, including
9           state law disclosures, release of liability disclosures, and seek additional
10          extraneous disclosures regarding drug testing and immigration status in its
11          Release and Disclosure Authorization;

12      B.   Whether Defendant willfully failed to provide a summary of rights with
13          regard to its investigative consumer report pursuant to its obligations under
14          the FCRA;

15      C.   Whether Defendant willfully failed to clearly and accurately disclose the
16          full purpose of the investigative consumer report pursuant to federal and
17          state requirements;

18      D.   Whether Defendant willfully failed to include accurate and legally required
19          information and disclosures with regard to its investigative consumer
20          report;

21      E.   Whether Defendant willfully failed to comply with the FCRA and/or the
22          ICRAA.

23      26.   **Typicality:**   Plaintiff's claims are typical of the other class members' claims.
24   Plaintiff is informed and believes and thereon alleges that Defendant has a policy, practice or a
25   lack of a policy which resulted in Defendant failing to comply with the FCRA, and ICRAA as
26   alleged herein.

27      27.   **Adequacy of Class Representative:**   Plaintiff is an adequate class representative
28   in that Plaintiff has no interests that are adverse to, or otherwise in conflict with, the interests of

6

absent class members.  Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.  Plaintiff will fairly and adequately represent and protect the interests of class members.

28.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

29.     **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against all Defendants)

30.     Plaintiff hereby incorporates reference to all the allegations contained in this Complaint as if fully alleged herein.

31.     Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

32.     Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA, because they are "individuals."

33.     Section 1681a(d)(1)(B) of the FCRA defines "consumer report" as

7

> Any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for – employment purposes.

Thus, a credit and background report qualify as a consumer report.

34.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus, a credit and background report qualify as an investigative consumer report.

35.     Section 1681b(b)(2)(A) requires that a disclosure and investigative consumer report consent form stand-alone and that any extraneous information included such as state law disclosures and waiver of liability are in violation of the statute. See, *Syed v. M-1, LLC*, 846 F.3d 1034 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

36.     The disclosure and authorization provided to Plaintiff contains extraneous information which clearly includes state law disclosures, release of liability, and disclosures related to drug testing and immigration status, in direct violation of Section 1681b(b)(2)(A).

37.     Section 1681d(a)(1) provides:

> A person may not procure or cause to be prepared an investigative consumer report on any consumer unless:

> > (1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, ***personal characteristics, and mode of living***, whichever are applicable, may be made, and such disclosure; (Emphasis Added.)

> > (2) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

> > (3) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

> > (4) Subsection (b) of Section 168ld(a)(l) provides:

> > > Any person who procures or causes to be prepared an investigative consumer

8

report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(l) of this section (a)(1) of this section, make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

35.   Defendant did not comply with Section 1681d(a)(1) because Defendant failed to disclose that its investigative consumer report may include investigation into "personal characteristics" and "mode of living" and Defendant further failed to provide Plaintiff with a written summary of rights pursuant to section 1681g(c).

39.   Section 1681g(c) provides for a summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(1)   Commission summary of rights requires:

    (A)   The Commission shall prepare *a model summary of the rights* of consumers under this subchapter.

    (B)   Content of summary:

The summary of rights prepared under subparagraph (A) shall include a description of –

        (i)   the right of a consumer to obtain a copy of a consumer report under subsection (a) of this section from each consumer reporting agency;

        (ii)   the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under subsection 1681j of this title;

        (iii)   the right of a consumer to dispute information in the file of the consumer under subsection 1681i of this title;

        (iv)   the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

        (v)   the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

        (vi)   the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title.

9

40.     Defendant did not comply with § 1681g(c) because no such summary of rights was ever provided to Plaintiff and the putative class.

41.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendant procured credit reports or caused credit reports to be procured for Plaintiff and class members that is in non-compliance with §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c), as described above.

42.     Defendant's conduct in violation of §§ 1681b(b)(2)(A), 1681d(a)(1) and 1681g(c) was and is willful.  Defendant acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendant's willful conduct is reflected by, among other things, the following facts:

      (a)     Defendant is a large corporation with access to legal advice;

      (b)     Defendant required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations; and

      (c)     The plain language of the statute unambiguously indicates the failure to include the provisions identified above violates the FCRA's consumer credit reporting requirements.

43.     As a result of Defendant's illegal procurement of credit reports by way of their defective notice and authorization, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

44.     Plaintiff, on behalf of themselves and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681b, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs to the extent they are provided for under the FCRA.

10

45.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681b, including but not limited to actual damages and attorneys' fees and costs to the extent they are provided for under the FCRA.

## SECOND CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA

### (Cal. Civ. Code §§ 1786.16(a), 1786.20, and 1786.22)

### (By Plaintiff and the ICRAA Class Against all Defendants)

46.     Plaintiff hereby incorporates reference to all the allegations contained in this Complaint as if fully alleged herein.

47.     Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

48.     Plaintiff and ICRAA Class Members are "consumers" within the meaning of § 1786.2(b) of the ICRAA, because they are "individuals."

49.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

50.     Thus, a background check qualifies as an investigative consumer report under the ICRAA.

51.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

52.     Section 1786.16(a)(2)(B)(iii)-(vi) of the ICRAA provides in relevant part as follows:

11

(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

...

(B) The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

...

(iii) The disclosure may include information on the consumer's character, general reputation, *personal characteristics, and mode of living*.

...

(iv) *Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.*

...

(v) *Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.*

...

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20.* (Emphasis added.)

53.     As described above, Plaintiff alleges that in evaluating them and other class members for employment, Defendant procured or caused to be prepared investigative consumer reports (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

54.     When Plaintiff applied for employment with Defendant, Defendant did not provide Plaintiff with required Disclosures and Authorizations ("Disclosure" or "Authorization").

55.     Defendant violated Sections 1786.16(a)(2)(b)(iii)-(vi), 1786.20 and 1786.22 of the ICRAA by failing to provide the nature and scope of the investigation, including that the investigation may include information on Plaintiff's "personal characteristics" and "mode of living", failing to provide a summary of the provisions of Section 1786.22 (right to inspect files), and failing to provide Plaintiff with the name, address, telephone number and website of the investigative consumer reporting agency conducting the investigation, as well as information

12

1   pursuant to Section 1786.20. *See* Cal. Civ. Code § 1786(a)(2)(B)(iii)-(vi).

2      56.   Based upon facts that are likely to have evidentiary support after a reasonable
3   opportunity for investigation and discovery, Plaintiff alleges that Defendant has a policy and
4   practice of failing to provide adequate written disclosures to applicants and employees, before
5   procuring credit reports or causing credit reports to be procured, as described above. Pursuant to
6   that policy and practice, Defendant procured credit reports or caused credit reports to be procured
7   for Plaintiff and class members without first providing a written notice in compliance with §
8   1786.16(a)(2)(B) of the ICRAA, as described above.

9      57.   Defendant's conduct in violation of §§ 1786.16(a)(2)(B), 1786.20 and 1786.22 of
10  the ICRAA was and is willful and/or grossly negligent. Defendant acted in deliberate or reckless
11  disregard of their obligations and the rights of applicants and employees, including Plaintiff and
12  class members. Defendant's willful conduct is reflected by, among other things, the following
13  facts:

14          (d)   Defendant is a large corporation with access to legal advice;

15          (e)   Defendant required a purported authorization to perform credit checks in
16  the process of employing the class members which, although defective, evidences Defendant's
17  awareness of and willful failure to follow the governing laws concerning such authorizations; and

18          (f)   The plain language of the statute unambiguously indicates the failure to
19  include the provisions identified above in violation of the ICRAA's notice requirement.

20      58.   As a result of Defendant's illegal procurement of credit reports by way of their
21  inadequate notice and authorization as set forth above, Plaintiff and class members have been
22  injured including, but not limited to, having their privacy and statutory rights invaded in violation
23  of the ICRAA.

24      59.   Plaintiff, on behalf of themselves and all class members, seeks all available
25  remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual
26  damages, punitive damages, injunctive relief, and attorneys' fees and costs.

27      60.   In the alternative to Plaintiff's allegation that these violations were willful,
28  Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under

13

1    Cal. Civ. Code § 1786.50(a), including but not limited to actual damages and attorneys' fees and

2    costs.

3                                    **PRAYER FOR RELIEF**

4           WHEREFORE, Plaintiff, on behalf of themselves and all others similarly situated, prays

5    for relief and judgment against Defendant as follows:

6           1.      An order that the action be certified as a class action;

7           2.      An order that Plaintiff be appointed class counsel;

8           3.      An order that counsel for Plaintiff be appointed class counsel;

9           4.      Statutory penalties;

10          5.      Civil penalties;

11          6.      Punitive damages;

12          7.      Injunctive relief;

13          8.      Costs of suit;

14          9.      Interest;

15          10.     Reasonable attorneys' fees; and

16          11.     Such other relief as the Court deems proper.

17

18   Dated: July 12, 2019                    Respectfully submitted,
                                             **CROSNER LEGAL, PC**
19

20                                           By: _____
                                                 Michael Crosner, Esq.
21                                               Zach Crosner, Esq.
                                                 David Watson, Esq.
22                                               Rex Phillips, Esq.
                                                 Attorneys for Plaintiff
23                                               and the Proposed Class

24

25

26

27

28
                                             14

1

**DEMAND FOR JURY TRIAL**

2     PLAINTIFF MARIA HERNANDEZ, AZAEL SANCHEZ, and ROBERTO NAVA

3 demand a trial by jury for themselves and the putative class members on all claims so triable.

4

5 Dated: July 12, 2019                          Respectfully submitted,
                                               **CROSNER LEGAL, PC**
6

7                                               By: _____

8                                                   Michael Crosner, Esq.
                                                   Zach Crosner, Esq.
9                                                   David Watson, Esq.
                                                   Rex Phillips, Esq.
10                                                  Attorneys for Plaintiff
                                                   and the Proposed Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael R. Crosner (Bar No. 41299), Zachary M. Crosner (Bar No. 272295),
David Watson (Bar No. 219705), BRENT MARLIS (SBN 284654)
CROSNER LEGAL, PC
433 N. Camden Dr., Ste. 400 Beverly Hills, CA 90210
TELEPHONE NO.: (310) 496-5818       FAX NO.: (310) 510-6429
ATTORNEY FOR *(Name):* Maria Hernandez, Azael Sanchez and Robert Nava

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/12/2019** at 01:51:17 PM

Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
MARIA HERNANDEZ v. SOUTHWEST KEY PROGRAMS, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited  (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant  (Cal. Rules of Court, rule 3.402) | 37-2019-00036821-CU-OE-CTL  JUDGE: Judge Joel R. Wohlfeil  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):*  2 Causes of Actions 1 VIOLATION OF ICRAA, 1 VIOLATION OF FCRA
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/12/2019
Zachary M. Crosner
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use  Judicial Council of California  CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;  Cal. Standards of Judicial Administration, std. 3.10  *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S):   MARIA HERNANDEZ et.al.

DEFENDANT(S): SOUTHWEST KEY PROGRAMS INC et.al.

SHORT TITLE:   MARIA HERNANDEZ VS SOUTHWEST KEY PROGRAMS INC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00036821-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                           Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

Name of Plaintiff                              Name of Defendant

Signature                                      Signature

Name of Plaintiff's Attorney                   Name of Defendant's Attorney

Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 07/18/2019                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)   **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**   Page: 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7073 | |

| PLAINTIFF(S) / PETITIONER(S): MARIA HERNANDEZ et.al. |
|---|

| DEFENDANT(S) / RESPONDENT(S): SOUTHWEST KEY PROGRAMS INC et.al. |
|---|

| MARIA HERNANDEZ VS SOUTHWEST KEY PROGRAMS INC [E-FILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER:<br>37-2019-00036821-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Joel R. Wohlfeil                                    Department: C-73

**COMPLAINT/PETITION FILED:** 07/12/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/27/2019 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**