```
Lyne A. Richardson, CA Bar No. 143566
lyne.richardson@ogletree.com
Glendy C. Lau, CA Bar No. 280174
glendy.lau@ogletree.com
```
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
```
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:    310-217-8191
Facsimile:    310-217-8184
```

Attorneys for Defendant
SOUTHWEST KEY PROGRAMS, INC.

**'19CV1636 BEN AGS**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| MARIA HERNANDEZ, as an individual; AZAEL SANCHEZ, as an individual; ROBERTO NAVA, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST KEY PROGRAMS, INC., a Texas corporation; TALENTWISE, INC., a Delaware corporation, and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 37-2019-00036821-CU-OE-CTL<br><br>*[Assigned for all purposes to The Honorable Joel R. Wohlfeil, Dept. C-73]*<br><br>**DEFENDANT SOUTHWEST KEY PROGRAMS, INC.'S ANSWER TO PLAINTIFFS MARIA HERNANDEZ, AZAEL SANCHEZ, AND ROBERTO NAVA'S COMPLAINT**<br><br>Action Filed:    July 12, 2019<br>Trial Date:      Not Set |

Defendant SOUTHWEST KEY PROGRAMS, INC. ("Defendant"), by and through its counsel of record, hereby answers the unverified Complaint ("Complaint") of Plaintiffs MARIA HERNANDEZ, AZAEL SANCHEZ, and ROBERTO NAVA ("Plaintiffs"), as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiffs and/or putative class members have sustained, or will

sustain, any loss or damage in the manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or anyone acting on its behalf.

## AFFIRMATIVE DEFENSES

Additionally, without waiving or excusing Plaintiffs' burden of proof, or admitting that Defendant has any burden of proof, Defendant asserts the following affirmative defenses to the causes of action set forth in the Complaint. The affirmative defenses listed below are alleged upon information and belief, and may be amended or revised after reasonable opportunity for further investigation and discovery.

Without waiving any answers or defenses, Defendant alleges the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Facts Insufficient to State Any Cause of Action)

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The Complaint as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Penalties Not Available)

3. Plaintiffs and putative class members' claims for penalties are barred in whole or in part, because Plaintiffs and putative class members have not alleged, and cannot allege, facts demonstrating that Defendant's conduct was willful or harmful. Without admitting any facts pled in the Complaint, Defendant alleges that it engaged in lawful conduct that was with cause and justification, and Defendant is not liable for any purported injuries or claims which Plaintiffs and putative class members now declare.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

4. Plaintiffs' allegations, including, but not limited to, their allegations regarding their prayer for recovery are barred, in whole or in part, because Plaintiffs and/or putative class members lack standing to assert or recover them.

## FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

5. Defendant alleges that Plaintiffs and the putative class members' claims, if any, are barred by the doctrines of accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6. Without admitting any facts pled by Plaintiffs, Defendant alleges that if Plaintiffs and/or putative class members have sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiffs and/or putative class members' own conduct, promises and representations to Defendant, and failure to take actions to mitigate these losses, injuries, or damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs and/or putative class members have expressly and/or impliedly waived the right to assert such causes of action by virtue of their verbal and/or written expressions or conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel and Res Judicata)

8. By virtue of their conduct and/or in light of Plaintiffs' Complaint that have been previously adjudicated, Plaintiffs and/or putative class members must be estopped from asserting any of the causes of action and/or issues in the Complaint against Defendant.

///

**NINTH AFFIRMATIVE DEFENSE**

**(Laches)**

9. Plaintiffs and putative class members are barred from proceeding with this action on the ground that Plaintiffs and/or putative class members are guilty of laches in failing to timely commence this action, which have prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. Defendant is informed and believes and thereon alleges that Plaintiffs and putative class members, by their own conduct, are guilty of unclean hands, which completely bar or reduce recovery, if any, to which they may be entitled, all in accordance with proof at trial.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

11. The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiffs and/or putative class members expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

12. Plaintiffs and/or other putative class members have failed to satisfy the jurisdictional and/or statutory prerequisites for the causes of action, and/or has failed to exhaust all administrative remedies and/or failed to timely exhaust those remedies as required by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Right to Offset)**

13. Defendant alleges that it has suffered damages by reason of Plaintiffs' and/or putative class members' conduct, and Defendant has a right to offset its damages against the damages, if any, of Plaintiffs and/or other putative class members.

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Speculative Damages and/or Penalties)**

14. Plaintiffs and/or putative class members are precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

15. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs and/or putative class members have released and waived any and all claims they may have against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Third Parties)**

16. Defendant allege that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiffs and/or putative class members were not the result of any acts, omissions or other conduct of Defendant. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

17. Defendant alleges that the Complaint and each purported cause of action alleged therein are barred, in whole or in part, to the extent any or all claims were released and/or previously settled by Plaintiffs and/or any of the putative class members Plaintiffs seek to represent. Defendant has entered into settlement agreements and releases, some of which are confidential, with various current and former employees, over the alleged recovery period. At this time, Defendant is unable to ascertain every member of Plaintiffs' vaguely alleged class and, therefore, cannot identify each and every relevant agreement and/or release.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Individualized Inquiry)

18. The adjudication of whether Defendant was willful requires individualized inquiry not proper for class treatment.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

19. Plaintiffs' state law claim(s) may be preempted in whole or in part by the Fair Credit Reporting Act, 15 U.S.C. section 1681, et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Continuing Violations)

20. Defendant alleges the Complaint, and each purported cause of action contained therein, or some of them, for restitution and/or injunctive relief is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

21. Defendant affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FCRA and the ICCRAA were not willful, reckless, or negligent, but occurred in good faith, including Defendant's good faith reliance that third parties complied with the FCRA and the ICRAA, and thus Defendant had reasonable grounds for believing it was in full compliance with the FCRA and the ICRAA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Equitable Relief)

22. Plaintiffs' request for equitable relief is barred to the extent Plaintiffs seek injunctive relief, as private litigants are prohibited from seeking injunctive relief under the FCRA, and the FCRA preempts state law to the extent those laws are inconsistent with the FCRA.

/ / /

/ / /

/ / /

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality)

23. The ICRAA is unconstitutionally vague and, therefore, any claims made under the ICRAA are invalid.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (ICRAA Claims Barred)

24. Pursuant to the ICRAA, any user of an investigative consumer credit report (as defined in the ICRAA) against whom an action is brought pursuant to Section 1681n or 1681o of the FCRA is pending, shall not be subject to suit for the same act or omission under Section 1786.50 of the ICRAA. Thus, all claims brought under the ICRAA are statutorily barred.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (FCRA and ICRAA Inapplicable)

25. For the FCRA and ICRAA to be invoked, a consumer report, investigative consumer report, and/or a consumer credit report must have been run. To the extent no consumer report, investigative consumer report, and/or a consumer credit report was run on Plaintiffs and/or any putative class member, the FCRA and ICRAA, respectively, are inapplicable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Show Violation of Statute, Provision or Public Policy

### of State of California)

26. Defendant cannot be found liable because Defendant did not violate any statute or constitutional provision or public policy of the State of California.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

27. To the extent the Complaint seeks injunctive relief, the Complaint is barred because Plaintiffs and/or putative class members have an adequate and complete remedy at law.

/ / /

/ / /

/ / /

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Plaintiffs' Action is Frivolous and in Bad Faith)**

28. Defendant alleges that they are entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiffs and Plaintiffs' counsel in that Plaintiffs' Complaint and each purported cause of action as alleged therein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Lawful Part of Business Operations)**

29. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Failure to State Facts Warranting Class Certification**

**and Class Damages or Any Other Representative Action)**

30. This case is not appropriate for class certification because the Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a class action against Defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Lack of Adequate Class Counsel)**

31. This case is not appropriate for class certification because neither Plaintiffs nor Plaintiffs' Counsel are able to fairly and adequately protect the interests of all members of the putative class.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Numerosity)**

32. This case is not appropriate for class certification because the members of the proposed class are not so numerous that joinder of all members would be impracticable.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Lack of Typical and Adequate Class Representative)**

33. This case is not appropriate for class certification because Plaintiffs are not typical nor adequate representatives of the purported class members of the Complaint or any alleged cause of action asserted therein.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to State Facts Warranting a Predominance of Common Questions of Fact and Law)**

34. This case is not appropriate for class action because common questions of fact do not predominate over individual questions of fact raised in each of the alleged causes of action in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Lack of Superiority of Class Action Device)**

35. This case is not appropriate for class certification because class treatment is not the superior method for resolving the alleged claims.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Existence of Class/Collective Action Waiver)**

36. This case is not appropriate for class-, collective- and/or representative-wide adjudication on the grounds and to the extent that Plaintiffs and/or putative class members had entered into written arbitration agreements that, as a condition of employment, they agreed to waive any right they may have to be a lead and/or member of a class/collective/representative action lawsuit or a representative of a class/collective/representative action lawsuit against Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Individual Arbitration)**

37. Defendant, on the one hand, and each Plaintiffs, on the other hand, entered into an arbitration agreement. Without waiving any arbitration rights, Defendants submit this Answer in response to the Complaint filed by the Plaintiffs. In so doing, Defendant expressly reserves its

right to arbitration, either contractual or judicial, and neither the filing of this Answer, nor any statements herein, shall serve to waive or limit, Defendant's right to arbitration and/or Defendant's claims, remedies or defenses in arbitration.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Charitable Immunity)

38. Defendant believes and alleges that Plaintiffs' recovery, if any, is limited or barred based on immunity to charitable organizations.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Choice of Law)

39. This case is not appropriate for class certification because Plaintiffs cannot demonstrate that application of California law to all class members is proper, or that application of different states' laws to different subsets of class members will be manageable.

### FORTIETH AFFIRMATIVE DEFENSE
### (Unstated Affirmative Defense)

40. Defendant alleges that it may have additional, as yet unstated, defenses available. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiffs and/or putative class members have the burden of proof or persuasion.

### **PRAYER**

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety with prejudice, and that Plaintiffs and/or putative class members take nothing by the Complaint;

2. Class certification be denied;

3. Judgment be entered against Plaintiffs and in favor of Defendant;

4. Defendant be awarded its costs of suit and reasonable attorneys' fees if allowable by law, including without limitation, pursuant to California Labor Code section 218.5; and

5. The Court award Defendant such other and further relief as it deems appropriate.

DATED: August 28, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Lyne A. Richardson
Glendy C. Lau

Attorneys for Defendant
SOUTHWEST KEY PROGRAMS, INC.

# PROOF OF SERVICE
*Maria Hernandez, et al. v. Southwest Key Programs, Inc., et al.*
Case No. 37-2019-00036821-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of (choose one) in the office of a member of the bar of this court at whose direction the service was made. My business address is 19191 S. Vermont Avenue, Suite 950, Torrance, CA 90502.

On **August 28, 2019**, I served the following document(s):

**DEFENDANT SOUTHWEST KEY PROGRAMS, INC.'S ANSWER TO PLAINTIFFS MARIA HERNANDEZ, AZAEL SANCHEZ, AND ROBERTO NAVA'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Torrance, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) listed below.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 28, 2019**, at Torrance, California.

_____
**CAROLINA MARTIS**

## SERVICE LIST

Zachary Crosner, Esq..
Michael Crosner, Esq.
CROSNER LEGAL, P.C.
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
E-Mail: zach@crosnerlegal.com
   mrclawyer@aol.com

Brent Marlis, Esq.
LAW OFFICE OF BRENT MARLIS
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Tel: (310) 431-9355
Fax: (310) 473-1175

**Attorneys for Plaintiffs**
*MARIA HERNANDEZ, AZAEL SANCHEZ and ROBERTO NAVA*

39747118.1